THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGIANNA BISHOP, Appellant.

*Confessions, as evidence on criminal trials — section* 395 *of the Code of Criminal Procedure.*

When the defendant in a criminal action testifies that a confession, admitted in evidence against him, was made by him by reason of threats, and all the persons to whom the confession was made testify that no threats were employed, and the jury find the defendant guilty, and the case on appeal does not contain the judge's charge, the General Term must assume that the charge correctly stated the rules of law relating to confessions, and that the jury found the confession to have been voluntary.

Under such circumstances, the conviction is not open to the objection that evidence was admitted of a confession "made under the influence of fear produced by threats," and, therefore, within the prohibition of section 395 of the Code of Criminal Procedure.

APPEAL by the defendant, Georgianna Bishop, from a judgment of the Court of Sessions of Dutchess county, rendered on the 22d day of November, 1892, convicting the defendant of the crime of arson in the third degree, and also from an order denying a motion for a new trial.

*Frank H. Cassidy*, for the appellant.

*H. D. Hufcut, District Attorney*, for the respondent.

DYKMAN, J.:

This is an appeal from a judgment which convicts the defendant of the crime of arson in the third degree, for setting fire to and destroying the barn of Sydney Smith, in the town of Pine Plains, in Dutchess county.

It is stated in the points for the appellant that she is a young girl about fourteen years of age, and she is spoken of by the witnesses as a young girl.

The testimony to connect her with the crime consisted of her acknowledgments to several witnesses who testified that she admitted that she set fire to the barn, and this appeal is based upon the insufficiency of such confessions and the impropriety of their admission in evidence.

The rule of law upon the subject has now become statutory and is this : " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney that he shall not be prosecuted therefor, but it is not sufficient to warrant his conviction without additional proof that the crime charged has been committed." (Code Crim. Pro. § 395.)

In this case the additional proof of the commission of the crime is abundant, and there is no claim that the district attorney made any stipulation on the subject.

The only question is whether the confession of the defendant was made under the influence of fear produced by threats.

The defendant testified that the confession was made by reason of threats.

All the persons to whom the confessions were made testified that there were no threats employed.

The charge of the judge is not given in the case, and we must, therefore, assume that it correctly stated to the jury the rules of law relating to confessions which should govern their deliberations.

Such being the case, and the jury having found the defendant guilty, we must further assume that the jury found the confessions to have been voluntarily made.

In this aspect of the case we cannot interfere with the conviction.

Voluntary confessions when fairly proven constitute evidence

of a high character, and we find no evidence either of abuse or error.

The conviction should, therefore, be affirmed.

BARNARD, P. J., and PRATT, J., concurred.

Conviction and judgment affirmed.